UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-08-2021-LRS |
| | ) | |
| Plaintiff, | ) | ORDER FOLLOWING *NEBBIA* |
| | ) | HEARING |
| v. | ) | |
| | ) | ORDER GRANTING, IN PART, |
| GURMIT S. KAILA, | ) | DEFENDANT'S ORAL MOTION TO |
| | ) | AMEND |
| Defendant. | ) | |
| | ) | |

On April 14, 2008, this Court held a hearing, at the government's request, to inquire into the source of property Defendant offered as collateral to secure his appearance bond (hereinafter "*Nebbia* Hearing"). (Ct. Rec. 60). The government was represented by Shawn Anderson and Defendant was present with retained counsel Richard Smith.

On March 14, 2008, the Court denied the government's motion for detention and ordered that Defendant be released on conditions. Defendant was ordered to post a $1,000,000.00 percentage bond (10% down). (Ct. Rec. 16).

///

///

ORDER - 1

On March 20, 2008, Defendant filed a motion to stay the imposition of the percentage bond (Ct. Rec. 19) and a motion to amend the conditions of his release (Ct. Rec. 20). The Court stayed the imposition of the percentage bond and set a hearing on Defendant's motion to amend the conditions of his release. (Ct. Rec. 31). On March 20, 2008, the government moved the Court for a *Nebbia* Hearing. (Ct. Rec. 32).

On March 25, 2008, following a hearing on the above motions, the Court denied Defendant's motion to amend the conditions of his release, denied the government's motion for a *Nebbia* hearing, as premature, and stayed the imposition of the percentage bond pending a review of the Court's order by a District Court Judge. (Ct. Rec. 46).

On March 28, 2008, the Judge Suko denied Defendant's motion to amend the conditions of his release and ordered the posting of the bond by no later than the close of business on March 28, 2008. (Ct. Rec. 57). Defendant subsequently posted the bond, and, on April 1, 2008, the government filed a second motion for a *Nebbia* Hearing. (Ct. Rec. 60).

"[T]he Right to bail does not prevent the court, in the exercise of a sound discretion, from rejecting sureties who, however honorable they may be, become sureties from purely business reasons and apparently without assuming any of the responsibilities which the law imposes." *United States v. Nebbia*, 357 F.2d 303, 304 (2nd Cir. 1966) (*quoting United States v. Lee*, 170 F. 613, 615 (D.C. Ohio 1909). It is within the discretion of the Court to refuse to accept a recognizance signed by a surety

///

ORDER - 2

fully indemnified against loss by third parties, and it should not be accepted where it appears indemnitors are not acting in good faith. *Lee*, 170 F. at 614-615. "[T]he mere deposit of cash bail is not sufficient to deprive the court of the right to inquire into other factors which might bear on the question of the adequacy of the bail." *Nebbia*, 357 F.2d at 304. "The court has the right and the duty to satisfy itself that there is more than just a financial assurance that a bailed defendant will appear in court when required . . . . [I]f the security comes from an illegitimate source . . . there is a a [sic] paucity of moral force compelling a defendant to reappear." *United States v. DeMarchena*, 330 F. Supp. 1223, 1226 (S.D. Cal. 1971).

The Court has previously heard testimony and argument concerning the Defendant's work history and the subsequent sale of the Defendant's business in Ellensburg in autumn 2007. At the April 14, 2008 hearing, the Court, in a closed courtroom, on the record, and outside the presence of the Assistant United States Attorney and its agents, discussed with Defendant and Defendant's counsel the source of the money posted as collateral. The Court finds that the Defendant has established on a *prima facie* basis that the source of the funds used to post the cash portion of the percentage bond was likely a result of the Defendant's work efforts, business borrowing and/or investment acumen. Based upon the evidence presented in prior hearings and the information obtained during the *in camera* proceeding, the Court finds that the funds utilized by the Defendant for bail are from legitimate sources. While the United States disagrees with the adequacy of the amount of the bail, it is clear that the facts in this case

ORDER - 3

differ significantly from those of the *Melville* and *DeMarchena* cases cited by the United States in that the source of the funds here can be traced to arguably valid efforts of this Defendant to earn and save money during his 18 years of operation of the Big B Mini-Mart before its sale and from the proceeds from the sale of the business. Accordingly, Defendant shall remain released on the conditions previously imposed. The record made of the *in camera* hearing shall remain sealed pending further order of the Court.

At the hearing on April 14, 2008, Defendant additionally argued for modification of the conditions of his release; specifically, greater freedom to travel to Western Washington in order to attend weekend religious functions. Defendant's oral motion to amend the conditions of his release (**Ct. Rec. 72**) is **GRANTED in part.**

Paragraph five of the Court's March 14, 2008 order setting conditions of release (Ct. Rec. 16 ¶ 5) shall be amended as follows:

> The defendant shall remain in the Eastern District of Washington while the case is pending. The defendant may obtain permission from his probation officer to travel outside the Eastern District of Washington.

**IT IS SO ORDERED.** The District Court Executive shall forward a copy of this order to counsel.

DATED this ___15th___ day of April, 2008.

                                              *S/James P. Hutton*
                                              JAMES P. HUTTON
                              UNITED STATES MAGISTRATE JUDGE

ORDER - 4