FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 11 2009

JAMES R LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,         )
                                  )    NO. CR-08-2021-LRS
          Plaintiff,              )
                                  )
     v.                           )    **MEMORANDUM OPINION**
                                  )    **RE SENTENCING**
GURMIT SINGH KAILA,               )
                                  )
          Defendant.              )
_____)

A sentencing hearing was conducted in this matter on May 8, 2009. This memorandum opinion memorializes the court's ruling with regard to interpretation of the parties' Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement which was accepted by the court.

The Plea Agreement does not foreclose consideration of "relevant conduct" as one of the factors under 18 U.S.C. Section 3553(a), specifically "the nature and circumstances of the offense." The Plea Agreement precludes consideration of "relevant conduct" only in conjunction with this court's calculation of Defendant's guideline range. This is reflected in the court sustaining Defendant's Objection Nos. 2 , 5, 6, 7 and 8, as well as Government's Objection Nos. 1 and 2.

Paragraph 9(a) of the Plea Agreement states in relevant part:

> The United States and the Defendant agree that the Defendant's base offense level is 14. (Citations omitted). The United States and the Defendant agree and stipulate that the value of funds structured by the Defendant total over $100,000 but less than $120,000; **and the Defendant's relevant conduct for sentencing purposes should be calculated based upon this amount, pursuant to U.S.S.G. §1B1.3.**

(Emphasis added).

MEMORANDUM OPINION
RE SENTENCING-                    1

Paragraph 9(a) cannot be read to restrict the court's consideration of "relevant conduct" for all "sentencing purposes," including 18 U.S.C. Section 3553(a). The reference to "relevant conduct for sentencing purposes" cannot be read in isolation. The heading for Paragraph 9 is "United States Sentencing Guideline Calculations" and all of the subparagraphs thereunder ((a) through (e)) pertain to such calculations under particular provisions of the Sentencing Guidelines, including U.S.S.G. Section 1B1.3 pertaining to "Relevant Conduct." Subparagraph (a) is titled "Base Offense Level," clearly intending that it pertain only to calculation of the base offense level under the guidelines. Subparagraph (b), titled "Specific Offense Characteristics," provides that "[t]he United States and the Defendant also agree and stipulate that the base offense [level] **will not increase under U.S.S.G. §2S1.3(b)(2)(B)** ." (Emphasis added).

In accordance with the Plea Agreement, the court found the applicable Base Offense Level was 14, that Defendant's Total Offense Level was 12 after a two level reduction for acceptance of responsibility, and that the resulting guideline range was 10-16 months based on Defendant's Criminal History Category of I. Defendant was sentenced within that range (11 months).

Although it was not barred by the terms of the Plea Agreement from consideration of "relevant conduct" as one of the 18 U.S.C. Section 3553(a) factors, the court, in arriving at Defendant's sentence, did not consider the conduct charged in the other counts of the Superseding Indictment to which the Defendant did not plead guilty. A primary concern was whether the record was sufficient to establish this "relevant conduct" by a preponderance of the evidence, if not by clear and convincing evidence if necessary. *U.S. v. Munoz*, 233 F.3d 1117, 1126-27 (9th Cir. 2000).

The Defendant pled guilty to and was sentenced based solely on eight counts of Structuring in violation of 31 U.S.C. §5324(a)(1). Those eight counts, by themselves, were sufficient to justify the sentence imposed pursuant to

**MEMORANDUM OPINION**
**RE SENTENCING-**                    **2**

consideration of the Section 3553(a) factors.  For the reasons stated at the

sentencing hearing, the eight offenses from May 2004 through June 2006, by

themselves, reveal a lengthy, continuing pattern of deceptive behavior by

Defendant in an effort to evade the reporting requirements of the Bank Secrecy

Act.

The District Court Executive is directed to enter this memorandum opinion

and provide copies of the same to counsel of record.

DATED this _____ day of May, 2009.

LONNY R. SUKO
United States District Judge

MEMORANDUM OPINION
RE SENTENCING-                          3